```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

XL SPECIALTY INSURANCE COMPANY             CIVIL ACTION

VERSUS                                     NO: 12-2071

BOLLINGER SHIPYARDS, INC., ET AL.          SECTION: R(2)

## ORDER AND REASONS

Bollinger[1] objects to Magistrate Judge Wilkinson's order[2] denying Bollinger's Motion to Compel Complete Discovery Responses[3] and imposing sanctions on Bollinger for having filed the motion. Because Judge Wilkinson's ruling was neither clearly erroneous nor contrary to law, the Court overrules Bollinger's objection and affirms Judge Wilkinson's order.

**I.   BACKGROUND**

This is an insurance dispute between Bollinger and XL Specialty Insurance Company regarding whether XL owes Bollinger the costs that Bollinger incurred in defending against a False Claims Act lawsuit. The factual and procedural history of this suit has been described elsewhere[4] and will not be repeated here.

---

[1]   "Bollinger" refers collectively to Bollinger Shipyards, Inc., Bollinger Shipyards Lockport, L.L.C., and Halter Bollinger Joint Venture, L.L.C.

[2]   R. Doc. 166.

[3]   R. Doc. 155.

[4]   *See, e.g.*, *XL Specialty Ins. Co. v. Bollinger Shipyards Inc.*, No. 12-2071, 2013 WL 31648 (E.D. La. Jan. 3, 2014).

On February 28, 2014, XL responded to a request for production of documents propounded by Bollinger as follows:

> **REQUEST FOR PRODUCTION NO. 2**
> Please produce any and all insurance policies that you have issued to any Bollinger entity and/or which may have covered any Bollinger entity during the year 2000 or the year 2001.
>
> **RESPONSE TO REQUEST NO. 2**
> XL objects to this Request because it is overly broad and unduly burdensome, duplicative, seeks information that is equally available to [Bollinger], and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection and [the General] Objections noted above, and reserving all rights, XL answers Request for Production No. 2 as follows: please see records of XL, produced herein and Bates numbered as XL 01232 to XL01313. XL has conducted a thorough search of its records, and has produced all documents in its possession, custody, or control that are responsive to Request for Production No. 2.[5]

XL's production in response to Request No. 2 included a 2001-2002 insurance policy. On March 7, 2014, Michael Wawrzycki, counsel for Bollinger, e-mailed Abigayle Farris, counsel for XL, asking XL to supplement its production with a 2000-2001 insurance policy.[6] Farris responded that XL had no additional documents in its possession that were responsive to Request No. 2.[7] On March 27, Wawrzycki again e-mailed Farris "question[ing] whether [XL] overlooked the [2000-2001] policy when responding to Bollinger's

---

[5]   R. Doc. 155-5 at 2-3.

[6]   R. Doc. 155-6 at 2.

[7]   *Id.* at 1.

requests to produce a copy of same."[8] "Surely," Wawrzycki wrote, "if XL issued the policy, it has a copy of it."[9] On April 10, Farris responded and "reiterate[d] that XL has thoroughly searched its records, and no longer has a copy of the policy [Bollinger] ha[d] requested."[10]

Five days later, Bollinger filed a "Motion to Compel Complete Discovery Responses" from XL.[11] Bollinger noted that XL had admitted that the 2000-2001 policy exists, yet had "refused to produce" it.[12] XL responded that it had told Bollinger repeatedly that it did not have any other documents in its possession that were responsive to request No. 2.[13] XL also requested sanctions against Bollinger pursuant to Federal Rule of Civil Procedure 37(a)(5)(B).[14]

On April 30, 2014, Judge Wilkinson held a hearing on Bollinger's motion to compel. Judge Wilkinson noted that Bollinger had produced no evidence suggesting that XL's statement that it did not have further responsive documents was false.[15] After confirming

---

[8]   *Id.*

[9]   *Id.*

[10]  R. Doc. 158-2 at 1.

[11]  R. Doc. 155.

[12]  R. Doc. 155-1 at 1.

[13]  R. Doc. 158 at 1.

[14]  *Id.* at 8.

[15]  R. Doc. 169-3 at 5.

that XL persisted in its request for sanctions pursuant to Rule 37(a)(5)(B), Judge Wilkinson ruled as follows:

> DENIED. Although the objections [to Request No. 2] are overruled, the response, signed pursuant to Fed. R. Civ. P. 26(g), which certification Bollinger has in no way rebutted with any evidence, is completely sufficient. This motion was <u>not</u> substantially justified. Accordingly, Bollinger's counsel, Robert S. Reich, who signed this unnecessary motion, must pay XL $2,470.00 to reimburse it for the fees it incurred in defending this motion, at the rates and for the time outlined by its counsel during today's hearing. Fed. R. Civ. P. 37(a)(5)(B).[16]

Judge Wilkinson stated on the record that counsel for Bollinger had a history of filing frivolous discovery motions.[17]

Bollinger timely filed an objection to Judge Wilkinson's order.[18]

## II. LEGAL STANDARD

With certain exceptions not applicable here, a magistrate judge may hear and determine any pretrial matter pending before a district court. 28 U.S.C. § 636(b)(1)(A). The district court will affirm the magistrate judge's decision on any nondispositive matter unless it is "clearly erroneous or contrary to law." *Id.*; Fed. R. Civ. P. 72(a). Under this highly deferential standard, the court will reverse only when "on the entire evidence [it] is left with a definite and firm conviction that a mistake has been committed."

---

[16]   R. Doc. 166 (emphasis in original).

[17]   R. Doc. 169-3 at 7.

[18]   R. Doc. 169.

*United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Spencer v. Hercules Offshore, Inc.*, Civil Action No. 13-4706, 2014 WL 1681736, at *2 (E.D. La. Apr. 28, 2014). The discovery order at issue here is a "non-dispositive matter" that is subject to review under the clearly erroneous standard. *See Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-18 (5th Cir. 1981); *accord Guidry v. Jen Mar. L.L.C.*, No. Civ.A.03-0018, 2004 WL 595224, at *2 (E.D. La. Mar. 24, 2004).

## III. DISCUSSION

Bollinger argues that Judge Wilkinson's order denying its motion was clearly erroneous. Bollinger further contends that Judge Wilkinson should not have awarded sanctions to XL because Bollinger had a good faith belief that its motion was meritorious and because Judge Wilkinson overruled XL's objections to Request No. 2.

Bollinger is wrong on all counts. "A party need not produce documents or tangible things that are not . . . within its control." *Hagenmeyer N. Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594, 598 (E.D. Wis. 2004) (citing *Norman v. Young*, 422 F.2d 470 (10th Cir. 1970)). "In the face of a denial by a party that it has possession, custody or control of documents, the [requesting] party must make an adequate showing to overcome this assertion." *Id.* (alteration in original) (quoting *Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 147 (S.D.N.Y. 1997)). Here, XL told Bollinger -- not once, not twice, but three times -- that it

5

did not have within its control a copy of the 2000-2001 policy. Bollinger has produced no evidence that XL's representation on this score is inaccurate. Accordingly, Judge Wilkinson correctly ruled that Bollinger's motion to compel was without merit.

Under Federal Rule of Civil Procedure 37(a)(5)(B), if the court denies a motion to compel disclosure or discovery, it "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Bollinger protests that an award under this section is inappropriate because "the Court ruled in Bollinger's favor on the objections to XL's response."[19] The Court is not persuaded. Bollinger did not move the Court to overrule XL's objections to Request No. 2; Bollinger moved the Court to compel XL to produce the 2000-2001 policy and to pay the costs and attorneys' fees Bollinger incurred in bringing the motion to compel. Judge Wilkinson did neither. Bollinger's motion was unsuccessful in every respect. Accordingly, Judge Wilkinson's ruling that attorneys' fees were warranted under Rule 37(a)(5)(B) was not contrary to law or clearly erroneous.

## IV. CONCLUSION

---

[19] R. Doc. 169-1 at 4.

For the foregoing reasons, the Court overrules Bollinger's objections to Judge Wilkinson's ruling on its motion to compel.

New Orleans, Louisiana, this 21st day of May, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE