```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

XL SPECIALTY INSURANCE COMPANY           CIVIL ACTION

VERSUS                                   NO: 12-2071

BOLLINGER SHIPYARDS, INC., ET AL.        SECTION: R(2)


### ORDER AND REASONS

XL objects to Magistrate Judge Wilkinson's order denying XL a protective order or an extension of time to respond to discovery.[1] Because Judge Wilkinson's ruling was neither clearly erroneous nor contrary to law, the Court overrules XL's objection and affirms Judge Wilkinson's order.

## I.   BACKGROUND

This is an insurance dispute between Bollinger[2] and XL Specialty Insurance Company regarding whether XL owes Bollinger the costs that Bollinger incurred in defending against a False Claims Act lawsuit. The factual and procedural history of this suit has been described elsewhere[3] and will not be repeated here.

The consolidated actions in this case have been pending since August 2012. Trial is set for November 10, 2014. Relevant here,

---

[1] R. Doc. 190.

[2] "Bollinger" refers collectively to Bollinger Shipyards, Inc., Bollinger Shipyards Lockport, L.L.C., and Halter Bollinger Joint Venture, L.L.C.

[3] *See, e.g.,* *XL Specialty Ins. Co. v. Bollinger Shipyards Inc.*, No. 12-2071, 2013 WL 31648 (E.D. La. Jan. 3, 2014).

Bollinger filed for summary judgment on December 18, 2013,[4] and XL filed a cross-motion for summary judgment on April 3, 2014.[5] The Court heard oral argument on the motions on July 1, 2014. After oral argument, the Court took the motions under advisement and upon XL's request agreed to accept limited post-argument supplemental briefing, the last of which will be due at the end of this month, on July 28, 2014.[6]

On May 6, 2014, when briefing on the motions was almost complete, Bollinger served XL with a set of interrogatories, requests for admission, and production requests.[7] This was Bollinger's second production request and first set of interrogatories and requests for admission. The request contained fourteen interrogatories, thirty-three requests for admission, and ten document production requests.[8] On May 13, 2014, XL moved for a protective order to stay the deadline for responding to the discovery request until after the Court issued its ruling on the pending cross-motions for summary judgment.[9] In its motion, XL argued that in the event that the Court disposed of the case on the

---

    [4]    R. Doc. 88.

    [5]    R. Doc. 142.

    [6]    *See* R. Doc. 219.

    [7]    *See* R. Doc. 174-2.

    [8]    *Id.*

    [9]    R. Doc. 174.

motions, there would be no need for any of the requested discovery. In the alternative, XL requested it be granted a 30-day extension to reply to the discovery requests, until July 7, 2014. Bollinger filed an opposition in which it argued that either a stay or a continuance would prejudice it in its ability to prepare for trial.[10] On May 27, 2014, Judge Wilkinson issued an order denying XL's motion for a protective order on the ground that XL had not shown good cause for a stay but granting XL an extension until June 30, 2014 to respond to the discovery request.

XL timely filed an objection to Judge Wilkinson's order.[11] While XL's objection was pending, this Court granted XL an additional two-week extension to respond to the discovery request, until July 15, 2014.

## II. LEGAL STANDARD

With certain exceptions not applicable here, a magistrate judge may hear and determine any pretrial matter pending before a district court. 28 U.S.C. § 636(b)(1)(A). The district court will affirm the magistrate judge's decision on any nondispositive matter unless it is "clearly erroneous or contrary to law." *Id.*; Fed. R. Civ. P. 72(a). Under this highly deferential standard, the court will reverse only when "on the entire evidence [it] is left with a

---

[10] R. Doc. 178.

[11] R. Doc. 195.

definite and firm conviction that a mistake has been committed. *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Spencer v. Hercules Offshore, Inc.*, Civ. A. No. 13-4706, 2014 WL 1681736, at *2 (E.D. La. Apr. 28, 2014). The discovery order at issue here is a "non-dispositive matter" that is subject to review under the clearly erroneous standard. *See Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-18 (5th Cir. 1981); *accord Guidry v. Jen Mar. L.L.C.*, Civ. A. No. 03-0018, 2004 WL 595224, at *2 (E.D. La. Mar. 24, 2004).

**III. DISCUSSION**

**A. XL's Objection to the Magistrate Judge's Order**

XL argues that Judge Wilkinson's order denying its motion was clearly erroneous. XL contends that the pending dispositive motions in the case establish good cause for a protective order staying discovery. In support of its position, XL cites *Fujita v. United States*, 416 F. App'x 400 (5th Cir. 2011), and *Landry v. Air Line Pilots Association International AFL-CIO*, 901 F.2d 404 (5th Cir. 1990).

Neither *Fujita* nor *Landry* establish that Judge Wilkinson was clearly erroneous in his determination that XL failed to show good cause for its requested stay. In *Fujita*, the Fifth Circuit did affirm that the district court had good cause to stay discovery while a summary judgment motion was pending. 416 F. App'x at 402. In that case, however, defendants had moved for summary judgment

4

solely on the ground that plaintiff had failed to designate his expert medical witness by the discovery deadline. *See id.* at 401. The district court extended the deadline for plaintiff three times, but meanwhile stayed discovery, having rejected plaintiff's argument that he needed the discovery in order to secure his witness. *See id*. at 401-02. Thus, in *Fujita* it was clear that the disposition of the case on summary judgment turned on a single issue, which would be resolved as soon as the parties reached the final deadline for plaintiff to produce his witness. Moreover, in *Fujita* the plaintiff functionally had control over the resolution of the summary judgment motion: had he simply produced his expert witness, the court would have denied summary judgment and the case-including his discovery requests-would have proceeded. In contrast, here Bollinger has no control over how the Court will rule or when the Court will issue an order and reasons on the cross-motions for summary judgment. Meanwhile, pretrial deadlines and the trial date continue to approach. Thus, *Fujita* does not establish that Judge Wilkinson's determination was clearly erroneous. and-and

In *Landry*, defendants moved for summary judgment and plaintiffs requested and received a courtesy continuance on the motion. 901 F.2d at 434. During the continuance, plaintiffs served discovery on defendants. Defendants moved for a protective order, and the district court held that plaintiffs had failed to

rebut defendants' *prima facie* showing that the particular discovery sought-multiple depositions-would be "unduly expensive and burdensome" under the circumstances. *Id.* at 436. Specifically, plaintiffs had argued that they needed the discovery solely because they thought it might help them obtain "better" evidence for their summary judgment motion. *Id.* In contrast, here, Bollinger does not argue that it needs discovery solely for the already pending summary judgment motions. Rather, Bollinger correctly points out that trial is scheduled for the beginning of November and argues that in the event the case is not resolved on summary judgment, it will need the discovery as soon as possible to prepare for trial.[12] Judge Wilkinson credited this argument in his order denying XL's motion for a protective order, and the Court does not find that he was clearly erroneous to do so.

## IV. CONCLUSION

For the foregoing reasons, the Court overrules XL's objections to Judge Wilkinson's ruling on its motion for a protective order.

New Orleans, Louisiana, this 15th day of July, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[12]  *See* R. Doc. 178 at 6; R. Doc. 202 at 6.